JULIE EHRLER

v.

BARTHOLOMAEUS BRAUN.

*Bill to Have Notes and Trust Deed Canceled as Forgeries—Decree Affirmed—Estoppel.*

1.   This court, upon a review of the evidence. which was conflicting, affirms a decree of the court below ordering certain promissory notes and a certain deed of trust to be brought into court and canceled as forgeries.

2.   Even if the complainant recogniz*d or admitted the genuineness of the notes in question, such admission can not be given the force of an estoppel in the absence of evidence that the defendant was injured thereby.

[Opinion filed February 2, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. ARNOLD TRIPP, for appellant.

Mr. SIMEON STRAUS, for appellee.

BAILEY, J.   In this case, Braun, the appellee, filed his bill in chancery against Julie Ehrler, the appellant, and others, for the surrender and cancellation of two promissory notes held by the appellant, purporting to have been executed by the appellee, on the ground that said notes were forgeries.   The bill alleges that on the 16th day of June, 1885, the appellee purchased certain real estate of one Rudolph Becker, and to secure $2,000 of the purchase money, executed his two promissory notes of that date for $1,000 each, payable in one and two years after date, to the order of said Becker, with semi-annual interest, at the office of one Frederick Freudenberg, and also a deed of trust on said real estate running to said Freudenberg, as trustee; that on or about December 4, 1883, said notes were sold by Becker to Freudenberg, Becker indorsing them in blank; that the first installment of interest

was paid when due by the appellee to Freudenberg, and that at the maturity of the second installment, the appellee again paid to Freudenberg the interest and also the entire principal of the first note, and received from him a surrender of that note; that on December 16, 1884, the appellee paid to Freudenberg the interest and $500 of the principal of the remaining note, which payment was then and there duly indorsed by Freudenberg on said note; that on June 17, 1885, the date of filing the bill, said note with said indorsement thereon, was held and owned by one Frederick Lipp, said Lipp also having in his hands a forged duplicate of said deed of trust; that the appellant at the same time had in her hands the genuine deed of trust, and forged duplicates of both the notes; that said forgeries had been perpetrated by Freudenberg or some person unknown, and that appellee was wholly innocent thereof; that he was ready and willing to pay said Lipp or whoever should be found entitled thereto, the balance remaining unpaid on the second note.    The bill makes the appellant Lipp and Freudenberg parties defendant, and prays that the forged deed of trust and the forged notes be brought into court and ordered canceled, and that upon payment to the party entitled thereto of the balance remaining due on the genuine note, that note also be canceled and the deed of trust released of record.

The appellant answered denying the equity of the bill, and asserting the genuineness of the notes in her possession, and filed her cross-bill praying for a foreclosure of the deed of trust.    The cause being heard on pleadings and proofs, a decree was rendered dismissing the cross-bill for want of equity, and finding that the two notes held by appellant, and the deed of trust in the hands of Lipp are forgeries, and ordering them to be brought into court and canceled, and also decreeing that, upon payment by the appellee of the balance remaining unpaid on the note held by Lipp, that note also be canceled and the deed of trust released of record.

After careful examination of the evidence we are satisfied that it fully warrants the finding of the court that the notes held by appellant, and the deed of trust in the possession of

Ehrler v. Braun.

Lipp, are forgeries, and also that the appellee has made payments on the genuine notes to the extent and in the manner alleged in the bill.

An attempt was made by the appellant to show a recognition of the genuineness of the notes held by her by the appellee some time after she had purchased them.  Her agent and attorney, in whose hands she had placed the notes, testifies that at the date of maturity of the first note the appellee came to him to obtain an extension of that note for one year, representing that he could not readily raise the money at that time to pay it, and that an extension of the note for one year was then agreed upon between the appellee and said agent, and evidenced by an indorsement on the note signed by the appellee, the appellee at the time paying $15 as the consideration of the extension.  These facts are sworn to with much positiveness by said agent, but are denied with equal positiveness by the appellee, who testifies that he did not visit said agent on the occasion referred to, and had never seen or known him until a period some months later; that he never applied to said agent for an extension of said note, or knew that it was in his hands, or that such note was in existence until long afterward, and that his signature indorsed on the note was also a forgery.

There is but little in the evidence, when properly considered, that tends in any material or satisfactory manner to corroborate either of these witnesses in their testimony in relation to this matter.  The issue thus presented was purely one of fact which the court below, who saw and heard the witnesses, could much more advantageously and satisfactorily determine than we can.  As that court reached the conclusion that the appellee's version of the matter was the true one, we see no ground for dissenting from that conclusion.

But even if the appellee had recognized or admitted the genuineness of said notes at the time and under the circumstances alleged, such admission could not have been given the force of an estoppel, for the evidence fails to show that the appellee was thereby in any respect induced to change her position.  According to the evidence the notes in her hands

were purchased and paid for by her a few days after their date, and nearly a year prior to the alleged extension. She manifestly was not induced to purchase the notes or part with her money by reason of appellee's admissions. Nor does it appear with any degree of clearness or certainty that she was thereby deterred from pursuing any remedy against Freudenberg or any other person, which she would have pursued if the admission had not been made. It is not pretended that she contemplated or was about to seek any such remedy, or that she would have been likely to do so if the appellee had made no statement whatever to her agent. So far as appears her conduct was in no way influenced by the appellee's admissions, if any such were made, and so the doctrine of estoppel can not apply.

The decree, in our opinion, is warranted by the evidence, and it will therefore be affirmed.

*Decree affirmed.*